*280
 
 Opinion
 

 HANSON, J.
 

 Defendant Rae P. Haas appeals from a judgment of the superior court confirming her placement on mandatory sick leave of absence pursuant to section 44942 of the Education Code.
 
 [1]
 

 Facts
 

 Defendant-appellant Haas is a permanent certificated employee of the Pasadena Unified School District (hereinafter referred to as District). Pursuant to section 44942, subdivision (a), the Board of Education for the District (hereinafter referred to as Board) suspended Ms. Haas from employment effective January 28, 1976, upon its determination that she was suffering from mental illness of such a degree as to render her incompetent to perform her duties. The request of Ms. Haas to be examined by a panel of three psychiatrists according to the elaborate procedures provided for by that section was granted. The examination took place on March 12, 1976.
 

 Prior to the examination, the District supplied each psychiatrist on the panel with Ms. Haas’ complete personnel file, including letters written by Ms. Haas, memoranda by the administration regarding her, letters concerning her from the office staff to the administrative staff, a statement signed by a number of Ms. Haas’ students, a letter from one of the parents, rebuttals of several employees whom Ms. Haas had accused of mistreating her, and evaluations of Ms. Haas’ teaching performance. The psychiatrists reviewed and considered this information, interviewed Ms. Haas personally for approximately one hour, and on March 21, 1976, submitted a report concluding that Ms. Haas was “sufficiently impaired by mental illness, manifested by paranoid ideation, inappropriate affect and behavior, poor judgment and impaired insight, to render her incompetent to perform her duties.” Following its receipt of this report, the Board placed Ms. Haas on mandatory sick leave on April 21, 1976, pursuant to section 44942, subdivision (f) (former § 13411, subd. (f)).
 

 Following the Board’s action, Ms. Haas requested a hearing by the court. The Board approved Ms. Haas’ request and filed its complaint on July 30, 1976, asking the superior court to inquire into the charges and make the determinations prescribed by section 44942, subdivision (g). Accordingly, on February 1 and 2, 1977, the trial court heard the
 
 *281
 
 testimony of Ms. Haas and the three psychiatrists. At the conclusion of the evidence, the court affirmed the findings of the Board and Ms. Haas has appealed.
 

 Issue
 

 Ms. Haas contends on appeal that the three psychiatrists were not authorized under Evidence Code section 801, subdivision (b), to base their opinion as to her mental condition on the personnel file.
 

 Discussion
 

 The sole issue is whether the personnel file supplied to the psychiatrists is matter on which they may permissibly base an opinion as to the mental health of Ms. Haas. (Evid. Code, § 801, subd. (b).) The section states in pertinent part that expert testimony is limited to such an opinion as is “. . . (b) Based on matter . . . perceived by or personally known to the witness or made known to him at or before the hearing, whether or not admissible, that is of a type that
 
 reasonably may be relied upon
 
 by an expert in forming an opinion upon the subject to which his testimony relates,
 
 unless an expert is precluded by law from using such matter as a basis for his
 
 opinion.” (Italics added.)
 

 Ms. Haas stresses two of the requirements of this section in her argument. She contends first that the personnel file is not matter which may be reasonably relied on due to its hearsay character, and second that the psychiatrists were precluded by law from using the file.
 

 The Board contends that the psychiatrists did not base their opinion on the dossier but instead based their opinion on the personal interview with Ms. Haas as they testified. However, the psychiatrists unanimously agreed that review of the material in the personnel file left them with certain impressions which formed the basis for questions asked at the interview and facilitated the interview process. Accordingly, they felt satisfied with a single one-hour interview with Ms. Haas.
 

 It appears from the record that the psychiatric opinion was based in part upon this material from the personnel file. Two of the three experts testified that all three concluded in a discussion
 
 prior
 
 to the interview that the material in the dossier suggested paranoid ideation. This conclusion is embodied in their final opinion. Therefore resolution of the issue turns on
 
 *282
 
 the permissibility of the use of this material under Evidence Code section 801, subdivision (b).
 

 Ms. Haas’ first contention, that the information in the file may not be reasonably relied upon by an expert in forming his opinion, is based on her argument that the information is generally unreliable because it is compiled by lay persons and not evaluated for accuracy. In support of this proposition, Ms. Haas relies on
 
 Board of Trustees
 
 v.
 
 Porini
 
 (1968) 263 Cal.App.2d 784 [70 Cal.Rptr. 73], The
 
 Porini
 
 case involved a similar action brought against a school teacher under former section 13403 et seq. The code at that time provided for an examination by only one psychiatrist. Mrs. Porini raised the identical issue with respect to the reliability of information supplied to psychiatrists by lay third persons. The court remanded for a new trial because the expert opinion introduced at trial had been formed more than a year beforehand, and because Mrs. Porini had presented evidence that she had responded favorably to treatment. On the issue of the information supplied to the psychiatrist, the court said: “[A] case-by-case determination italicizing the Evidence Code section 801 test of ‘reasonable reliability’ seems as definitive as a reviewing court should . . . become. [¶] ... The determinations to be made [as to the propriety of the use of the hearsay] . . . are questions best left to the trial court to determine in the exercise of a sound discretion . . . .”
 
 (Id.,
 
 at pp. 794-795, fn. omitted.)
 

 The court’s discretion must be exercised in light of the comments to the code section which recognize the necessity in many instances for extrajudicial information supplied by third persons. (See Cal. Law Revision Com. com. to Evid. Code, § 801, subd. (b), 29B West’s Ann. Evid. Code (1966 ed.) p. 389.)
 

 In the case at bench the trial court properly exercised its discretion in admitting the expert opinion testimony. Granting that the information in the files did not meet strict standards of reliability, it nevertheless helped the psychiatrists to determine how they would conduct the interview, and what areas they would explore. They testified that the letters and other memoranda in the file indicated that Ms. Haas had serious problems at work which included delusions about how others were treating her. Furthermore, each psychiatrist stated clearly that no opinion had been formed until after the interview had confirmed his suspicions. It is apparent that the interview just as easily could have dispelled those suspicions. The trial court properly determined that the information in the personnel file was of a type upon which experts were entitled to place
 
 *283
 
 reasonable reliance. This is especially true in light of the manner in which the personnel file was used by the experts, and in view of the difficult area of psychiatric expertise. Experts in fields such as psychiatry should not be left to form their opinions in a vacuum. This is precisely the policy of Evidence Code section 801, subdivision (b).
 

 Ms. Haas’ second contention is that the Legislature specifically intended to preclude the use of information such as that contained in the personnel file in procedures under section 44942. The section in pertinent part provides: “To assist the panel in making their determination, the governing board shall supply to the panel, prior to the date scheduled for the psychiatric examination, a list of the duties of the position from which the employee was suspended or transferred. . . .” (§ 44942, subd. (c).)
 

 Ms. Haas argues that by expressly including in the section the information that could be considered by the psychiatrists the Legislature implicitly precluded use of any other material. This argument carries the presumed intent of the Legislature to too great an extreme. The
 
 Porini
 
 decision expressly leaves determination of this question to the discretion of the trial court. The Legislature must be presumed to have deferred to that rule of law
 
 (Buckley
 
 v.
 
 Chadwick
 
 (1955) 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242]). With this in mind they provided for the single exception of the list of duties which logically must be supplied to the panel if they are to be able to determine an employee’s competence to do her job. Therefore, we conclude that this information is not “precluded by law” (Evid. Code, § 801, subd. (b)) but is left to the trial court’s discretion in light of the “reasonable realiability” test.
 
 (Ibid.)
 

 The court had the opportunity to examine the file, question the experts, and determine for itself the reliability and credibility of the expert opinion. We find no abuse of the trial court’s exercise of its sound discretion in admitting the psychiatric opinion which was based, in part, on material in the personnel file.
 

 Disposition
 

 The judgment is affirmed.
 

 Lillie, Acting P. J., and Thompson, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 24, 1978.
 

 [1]
 

 Unless otherwise indicated, all statutory references are to the Education Code.